UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ISDAEL PEREZ-AZCUY,

Petitioner,

v.

CHRISTOPHER LAROSE, Warden of Otay Mesa Detention Center, et al.,

Respondents.

Case No.: 26-cv-4225-CAB-VET

**ORDER PARTIALLY GRANTING PETITION FOR A WRIT OF HABEAS CORPUS**

[Doc. No. 1]

Pending before the Court is Petitioner Isdael Perez-Azcuy's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1 ("Petition").] Petitioner, a federal immigration detainee, challenges his detention without adequate process. [Doc. No. 1 at 6.] Respondents filed a response, stating that—in light of *Rodriguez Vasquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026)—Petitioner is subject to detention under 8 U.S.C. § 1226(a). [Doc. No. 4 at 1.] Accordingly, Respondents "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." [*Id.* at 1–2.] Petitioner filed a Traverse. [Doc. No. 5.] For the reasons set forth below, the Court **PARTIALLY GRANTS** the Petition and orders that Petitioner be granted a bond hearing before an Immigration Judge within 14 days.

///

///

## I. BACKGROUND

In November 2020, the U.S. Department of Homeland Security ("DHS") processed Petitioner, a native and citizen of Cuba, under the Migrant Protection Protocols ("MPP")—a policy requiring certain noncitizens seeking asylum at the U.S.-Mexico border to remain in Mexico throughout their immigration case—and returned him to Mexico for the pendency of his immigration proceedings. [Doc. No. 1 at 5.] After returning to Mexico, Petitioner feared remaining in Mexico and so re-entered the United States without inspection or authorization and began living in Florida. [*Id.* at 5–6.]

On January 28, 2023, as a part of Petitioner's pending immigration case, U.S. Citizenship and Immigration Services ("USCIS") notified Petitioner of his biometrics appointment scheduled for February 16, 2023, which he attended. [*Id.* at 5; Doc. No. 1-2.] On May 10, 2025, USCIS approved Petitioner's Application for Employment Authorization, allowing Petitioner to work in the United States from July 11, 2025 to July 10, 2030. [*Id.* at 6; Doc. No. 1-3.]

Petitioner was arrested in Florida for driving under the influence ("DUI") and taken into custody by Immigration and Customs Enforcement ("ICE"). [*Id.* at 6.] Petitioner was then transferred to the Otay Mesa Detention Center, where he remains detained. [*Id.* at 2.]

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for a writ of habeas corpus in which a petitioner asserts he is being held in custody "in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The petitioner bears the burden of demonstrating that he is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

///

///

## III. DISCUSSION

Petitioner claims his detention violates the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act ("APA"). [*See* Doc. No. 1.] Petitioner argues that he developed a liberty interest because "Respondents affirmatively permitted Petitioner to reside openly in the United States while administering his pending immigration benefit applications." [*Id.* at 10.] The Court disagrees. Petitioner is unlike other petitioners who were apprehended by immigration authorities and affirmatively released into the United States after an assessment of their flight risk and danger to the community. *See, e.g.*, *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("[T]he government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[] to live up to the . . . conditions [of release].'" (edits in original)); *Singh v. Warden, Imperial Reg'l Det. Facility*, No. 26-CV-1211-LL-JLB, 2026 WL 622687, *1 (S.D. Cal. Mar. 5, 2026) (finding that a noncitizen "previously released on parole . . . has a protected liberty interest in remaining free from detention").

Here, in contrast, Petitioner was processed under the MPP and returned to Mexico while his immigration case was pending before USCIS. Petitioner then re-entered the United States without inspection and without an affirmative decision by the relevant authorities to release Petitioner after an assessment of his flight risk or danger to the community. Notably, Petitioner does not cite any similar cases to support his argument that the administration of his application for immigration benefits created a liberty interest requiring immediate release, particularly where Petitioner was detained after a change in circumstances, namely his arrest for DUI. The Court thus finds that under *Rodriguez Vasquez*, Petitioner is detained pursuant to § 1226 and entitled to an individualized bond hearing thereunder.

## IV. CONCLUSION

The Court **PARTIALLY GRANTS** the Petition and **ORDERS** Respondents to provide Petitioner an individualized bond hearing before an immigration judge pursuant to

8 U.S.C. § 1226(a) and its associated regulations within 14 days of this Order, unless Petitioner requests a continuance. If requested by Petitioner, Respondents shall assist him in obtaining an audio recording of the bond hearing.

The Clerk of the Court shall close the case.

It is **SO ORDERED.**

Dated: September 18, 2026

Hon. Cathy Ann Bencivengo
United States District Judge